IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BENNIE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 314-064 |
| ) | |
| JOSE MORALES, Warden; ) | |
| BRAD HOOKS, Warden; ) | |
| LARRY BUTTS, Warden of Security; ) | |
| TIMOTHY JONES, Warden of C/T; ) | |
| and PAULA CUNCAN, Captain of Security, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), motion to appoint counsel be **DENIED AS MOOT** (doc. no. 3), and this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

> relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least four cases or appeals that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Walker v. Ga. Dep't of Corr., CV 401-251 (S.D. Ga. Feb. 5, 2002) (dismissed for failure to state a claim upon which relief may be granted); (2) Walker v. Williams, CV 402-110 (S.D. Ga. June 19, 2002) (dismissed for failure to state a claim upon which relief may be granted); and (3) Walker v. Munns, CV 102-018 (S.D. Ga. Oct. 4, 2002) (dismissed for failure to state a claim upon which relief may be granted). Also, in Munns, the Eleventh Circuit Court of Appeals dismissed the appeal as frivolous. These previously dismissed cases and appeal qualify as strikes under § 1915(g). Furthermore, Plaintiff has filed a complaint with this Court that was dismissed under § 1915(g)'s three

strike rule due to the strikes accumulated in the cases cited above. See Walker v. Muns, CV 104-005 (S.D. Ga. Feb. 6, 2004). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time he commenced this case. Plaintiff merely alleges that prison officials did not hold a hearing before revoking his visitation privileges, placing him in segregation for six days, and placing him on "PI." (See doc. no. 1, p. 8-11.) Nowhere does Plaintiff allege that he currently has a serious physical injury or that he is in imminent danger due to that serious injury. Indeed, Plaintiff's allegations merely allege a violation of his procedural due process rights, (id.). Because Plaintiff does not assert that he was in any imminent danger of serious physical injury, he fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), motion to appoint counsel be **DENIED AS MOOT** (doc. no. 3), and this action be **DISMISSED** without prejudice. If

Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 21st day of July, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA